## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND VINCENT CHOW JR.** | : | |
| 27819 Island Drive | | |
| Salisbury, MD 21801 | : | |
| | | |
|    **Plaintiff** | : | **Civil Case No. _____** |
| | | |
| **v.** | : | **JURY TRIAL DEMAND** |
| | | |
| **CHARLES PAUL WADE II** | : | |
| 1218 Dotsonville Road | | |
| Clarksville, TN 37042 | : | |
| | | |
| **and** | : | |
| | | |
| **FRONTIER RAILROAD SERVICES, LLC** | : | |
| 100 Brady Place, Suite 200 | | |
| New Stanton, PA 15672 | : | |
| | | |
|    <u>Serve On:</u> | : | |
|    **Cogency Global Inc., Resident Agent** | | |
|    1519 York Road | : | |
|    Lutherville, MD 21093 | | |
| | : | |
|   **Defendants** | | |
| | : | |

## <u>COMPLAINT</u>

Plaintiff Raymond Vincent Chow Jr., by and through his undersigned attorneys, Amy L. Taylor, Esquire; Patrick M. Gilbert, Esquire; and Robertson & Robertson, P.A., sues Defendant Charles Paul Wade II, and Defendant Frontier Railroad Services, LLC, (collectively referred to as "Defendants") related to a rear-end motor vehicle collision that occurred on or about June 15, 2023, in Wicomico County, Maryland, and for causes of action against Defendants states as follows:

## PARTIES

1.      Plaintiff Raymond Vincent Chow Jr. (hereinafter "Mr. Chow") was, at all relevant times, and continues to be a citizen of the United States of America and adult resident of Salisbury, Wicomico County, Maryland.

2.      Defendant Charles Paul Wade II (hereinafter "Defendant Wade"), upon information and belief, was, at all relevant times, and continues to be a citizen of the United States of America and an adult resident of Clarksville, Montgomery County, Tennessee, who caused tortious action within Wicomico County, Maryland.

3.      Defendant Frontier Railroad Services, LLC (hereinafter "Defendant Frontier Railroad "), upon information and belief, was, at all relevant times, and continues to be a limited liability company registered in the State of Maryland with its principal office located in New Stanton, Westmoreland County, Pennsylvania, and which carries on a regular business in many counties throughout the State of Maryland providing services related to the construction and maintenance of railroads.

4.      Defendant Frontier Railroad's agent, servant, or employee, Defendant Wade, committed tortious action within Wicomico County, Maryland while operating a motor vehicle.

5.      In addition, Defendant Frontier Railroad negligently entrusted a vehicle it owned, leased, or controlled to Defendant Wade, who negligently caused a motor vehicle collision in such vehicle within Wicomico County, Maryland.

6.      In addition, Defendant Frontier Railroad negligently hired, trained, and supervised Defendant Wade, who negligently caused a motor vehicle collision in Wicomico County, Maryland.

2

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction because it is a civil action (motor vehicle personal injury tort claim) where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## FACTS COMMON TO ALL COUNTS

8.      On or about June 15, 2023, at approximately 3:21 p.m., Mr. Chow was safely operating his 2013 Chevrolet Silverado (hereinafter "the Chow vehicle") in a westbound direction on U.S. Route 50 near its intersection with Walston Switch Road in Salisbury, Wicomico County, Maryland.

9.      At the same time and place, another driver, Defendant Wade, was operating a 2022 Ford Super Duty work truck (hereinafter "work truck"), for the benefit of and owned by Defendant Frontier Railroad, and was travelling behind the Chow vehicle on westbound U.S. Route 50.

10.     The traffic light at the intersection of U.S. Route 50 and Walston Switch Road was red for westbound traffic on U.S. Route 50.

11.     Mr. Chow had stopped the Chow vehicle at this intersection when Defendant Wade, traveling too fast and failing to keep a proper lookout, crashed the work truck into the rear of the Chow Vehicle.

12.     Upon impact, Mr. Chow was violently thrown about within the Chow vehicle.

13.     Mr. Chow suffered serious and permanent injuries as a result of this rear-end collision.

14.    The Chow vehicle sustained severe property damage.

15.    Defendant Wade was operating the work truck owned by Defendant Frontier Railroad and for the benefit of Defendant Frontier Railroad.

16.    Defendant Wade was an agent and/or employee of Defendant Frontier Railroad at the time of this rear-end collision and was acting within the scope of his employment and/or agency with Defendant Frontier Railroad.

## COUNT ONE – NEGLIGENCE
### *Plaintiff v. Both Defendants*

17.    Plaintiff Raymond Vincent Chow Jr. incorporates by reference the allegations contained in paragraphs 1 through 16, *supra,* with the same effect as if fully set forth herein.

18.    At all relevant times, Defendant Frontier Railroad and Defendant Wade, acting as agent and/or employee of Defendant Frontier Railroad, owed a duty to Mr. Chow to operate the work truck in a safe and reasonable manner.

19.    Defendants breached that duty by, among other things, negligently operating the work truck, following too closely, failing to leave a proper distance, travelling too fast for the conditions, failing to properly slow or stop the work truck, failing to properly control the work truck so as to avoid a collision, failing to give his full time and attention, being inattentive, and otherwise being negligent.

20.    At all times relevant hereto, Defendant Wade was acting as the agent, servant, or employee of Defendant Frontier Railroad. As such, Defendant Frontier Railroad is vicariously liable for the negligent acts of Defendant Wade and the injuries and damages to Mr. Chow.

21.    As a direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer serious, painful, and permanent injuries, pain and suffering, and other economic and non-economic damages, both in the past and in the future.

4

22.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to incur expenses for medical care and treatment in the past and will also have future medical expenses for treatment of injuries suffered in this collision.

23.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer loss of earnings and loss of earning capacity in the past and will also have loss of earnings and loss of earning capacity in the future.

24.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer non-economic pain and suffering in the past and will also suffer non-economic pain and suffering in the future.

25.     Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mr. Chow without any negligence on the part of Mr. Chow contributing thereto.

WHEREFORE, Plaintiff Raymond Vincent Chow Jr. demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

### COUNT TWO – RESPONDEAT SUPERIOR
*Plaintiff v. Both Defendants*

26.     Plaintiff Raymond Vincent Chow Jr. incorporates by reference the allegations contained in paragraphs 1 through 25, *supra,* with the same effect as if fully set forth herein.

27.     At all relevant times, Defendant Wade was employed by Defendant Frontier Railroad.

28.     Defendant Wade negligently operated the work truck, followed too closely, failed to leave a proper distance, travelled too fast for the conditions, failed to properly slow or stop the work truck, failed to properly control the work truck so as to avoid a collision, failed to give his full time and attention, was inattentive, and was otherwise negligent.

29.    The above-described acts of Defendant Wade were committed within the scope of his employment with Defendant Frontier Railroad, in that he committed them while driving for Defendant Frontier Railroad, in the work truck owned by Defendant Frontier Railroad, and in furtherance of the interests of Defendant Frontier Railroad.

30.    As a direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer serious, painful, and permanent injuries, pain and suffering, and other economic and non-economic damages, both in the past and in the future.

31.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to incur expenses for medical care and treatment in the past and will also have future medical expenses for treatment of injuries suffered in this collision.

32.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer loss of earnings and loss of earning capacity in the past and will also have loss of earnings and loss of earning capacity in the future.

33.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer non-economic pain and suffering in the past and will also suffer non-economic pain and suffering in the future.

34.    Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mr. Chow without any negligence on the part of Mr. Chow contributing thereto.

35.    As Defendant Wade's employer, Defendant Frontier Railroad is responsible for all of the acts committed by and omissions of Defendant Wade within the scope of his employment.

WHEREFORE, Plaintiff Raymond Vincent Chow Jr. demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

6

## COUNT THREE – AGENCY
### *Plaintiff v. Both Defendants*

36.    Plaintiff Raymond Vincent Chow Jr. incorporates by reference the allegations contained in paragraphs 1 through 35, *supra,* with the same effect as if fully set forth herein.

37.    At all relevant times, Defendant Wade was acting within the scope of his employment and/or agency with Defendant Frontier Railroad, for the benefit of Defendant Frontier Railroad, and under the direction and control of Defendant Frontier Railroad.

38.    Defendant Frontier Railroad had a duty to only allow its work truck to be operated by drivers who drove them safely and followed Maryland's traffic safety rules.

39.    Defendant Frontier Railroad breached its duty by choosing to allow its vehicle to be operated by a driver who did not drive them safely and who did not follow Maryland's traffic safety rules.

40.    Defendant Frontier Railroad is vicariously liable for the negligence of Defendant Wade.

41.    As a direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer serious, painful, and permanent injuries, pain and suffering, and other economic and non-economic damages, both in the past and in the future.

42.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to incur expenses for medical care and treatment in the past and will also have future medical expenses for treatment of injuries suffered in this collision.

43.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer loss of earnings and loss of earning capacity in the past and will also have loss of earnings and loss of earning capacity in the future.

7

44.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer non-economic pain and suffering in the past and will also suffer non-economic pain and suffering in the future.

45.    Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mr. Chow without any negligence on the part of Mr. Chow contributing thereto.

WHEREFORE, Plaintiff Raymond Vincent Chow Jr. demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT
### *Plaintiff v. Both Defendants*

46.    Plaintiff Raymond Vincent Chow Jr. incorporates by reference the allegations contained in paragraphs 1 through 45, *supra,* with the same effect as if fully set forth herein.

47.    On the day of this rear-end collision, the work truck being operated by Defendant Wade was being used by Defendant Wade for the benefit of Defendant Frontier Railroad.

48.    At all relevant times, Defendant Frontier Railroad supplied their authorization, permission, and consent for Defendant Wade to use the work truck. Due to its size and weight, the work truck, together with its heavy contents, was a dangerous instrument which, if operated negligently, would cause serious harm to other motorists and property.

49.    Defendant Frontier Railroad owed a duty to the public, including Mr. Chow, to ensure they entrusted the work truck to a person in whom such trust was reasonably placed.

50.    In breach of its duty, Defendant Frontier Railroad negligently supplied and entrusted the work truck to Defendant Wade, when it knew, or should have known, that it was likely that Defendant Wade would operate the work truck in a negligent, reckless, and unsafe manner which involved an appreciable and unreasonable risk of harm to Mr. Chow and others.

8

51.    Defendant Frontier Railroad knew, or should have known, that Defendant Wade was a dangerous, incompetent, unfit, and reckless driver. Defendant Frontier Railroad entrusted Defendant Wade with the work truck with actual knowledge that Defendant Wade had committed multiple traffic violations and that the vehicle was being operated in a dangerous and unfit manner.

52.    At the time of this rear-end collision, Defendant Wade did operate the work truck in such a manner which was foreseeably negligent and reckless as aforesaid. As a direct and proximate result thereof, he caused a rear-end motor vehicle collision between the work truck and the Chow vehicle.

53.    As a direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer serious, painful, and permanent injuries, pain and suffering, and other economic and non-economic damages, both in the past and in the future.

54.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to incur expenses for medical care and treatment in the past and will also have future medical expenses for treatment of injuries suffered in this collision.

55.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer loss of earnings and loss of earning capacity in the past and will also have loss of earnings and loss of earning capacity in the future.

56.    As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer non-economic pain and suffering in the past and will also suffer non-economic pain and suffering in the future.

57.    Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mr. Chow without any negligence on the part of Mr. Chow contributing thereto.

WHEREFORE, Plaintiff Raymond Vincent Chow Jr. demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT FIVE – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### *Plaintiff v. Both Defendants*

58.    Plaintiff Raymond Vincent Chow Jr. incorporates by reference the allegations contained in paragraphs 1 through 57, *supra,* with the same effect as if fully set forth herein.

59.    At the time of this rear-end collision, Defendant Wade was acting within the scope of his employment with Defendant Frontier Railroad.

60.    Defendant Frontier Railroad had a duty to use reasonable care to hire, retain, and supervise its employees, including Defendant Wade, to ensure they were competent and fit to perform their job duties.

61.    Defendant Frontier Railroad had actual knowledge of Defendant Wade's dangerous driving history. A reasonable and prudent employer would not have ignored such indications of Defendant Wade's unfitness for such duties.

62.    Defendant Frontier Railroad knew, or should have known, that Defendant Wade would be likely to operate the work truck in a negligent, reckless, and unsafe manner.

63.    Mr. Chow was a member of the public, operating a vehicle on the roadways who would foreseeably come into contact with Defendant Wade.

64.    In breach of its duty, Defendant Frontier Railroad negligently hired, retained, and failed to supervise Defendant Wade, when it knew, or should have known, that it was likely that Defendant Wade would operate the work truck in a negligent, reckless, and unsafe manner which

10

involved an appreciable and unreasonable risk of harm to Mr. Chow and other members of the public.

65.     Defendant Frontier Railroad knew, or should have known, that Defendant Wade was a dangerous, incompetent, unfit, and reckless driver. Defendant Frontier Railroad hired, retained, and failed to supervise Defendant Wade, with actual knowledge that Defendant Wade had previously committed multiple traffic violations and was not competent or fit to drive the work truck.

66.     Defendant Frontier Railroad breached its duty to use reasonable care to select an employee that was competent and fit to drive the work truck.

67.     At the time of this rear-end collision, Defendant Wade did operate the work truck in such a manner which was foreseeably negligent and reckless as aforesaid. As a direct and proximate result thereof, he caused a rear-end motor vehicle collision between the work truck and the Chow vehicle.

68.     As a direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer serious, painful, and permanent injuries, pain and suffering, and other economic and non-economic damages, both in the past and in the future.

69.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to incur expenses for medical care and treatment in the past and will also have future medical expenses for treatment of injuries suffered in this collision.

70.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer loss of earnings and loss of earning capacity in the past and will also have loss of earnings and loss of earning capacity in the future.

11

71.     As a further direct and proximate result of the aforementioned negligent acts of Defendants, Mr. Chow was caused to suffer non-economic pain and suffering in the past and will also suffer non-economic pain and suffering in the future.

72.     Defendants' negligence was a direct and proximate cause of all of the injuries sustained by Mr. Chow without any negligence on the part of Mr. Chow contributing thereto.

WHEREFORE, Plaintiff Raymond Vincent Chow Jr. demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages together with such other and further relief as this Court may deem just.

April 27, 2026

_____/s/_____
Amy L. Taylor, Esquire
(Federal Bar #18425)
ROBERTSON &ROBERTSON, P.A.
1205 Pemberton Drive, Suite 104
Salisbury, Maryland 21801
Telephone (410) 749-9111
Facsimile (410) 749-1119
Amy@RobertsonPA.com
*Attorneys for Plaintiff*

12